**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1871
_____

RONALD G. JOHNSON,
                                        Appellant

v.

OFFICER BINGNEAR; SUPERVISOR OFFICER RUBEN MARTINEZ;
OFFICER DEBORAH PROVENZA; BADGE #2479; STATE OF DELAWARE;
NEW CASTLE COUNTY POLICE DEPARTMENT
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 08-cv-00196)
District Judge:  Honorable Leonard P. Stark
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 30, 2011

Before:  RENDELL, FUENTES and SMITH, Circuit Judges

(Opinion filed: August 4, 2011 )
_____

OPINION
_____

PER CURIAM

        Ronald G. Johnson, proceeding pro se, appeals from the District Court's entry of

summary judgment in favor of Appellees.  For the reasons that follow, we will summarily

affirm the judgment of the District Court.

In April 2008, Johnson initiated a civil rights action in the United States District Court for the District of Delaware, alleging that certain members of the New Castle County Police Department violated his constitutional rights by knowingly filing false felony charges against him. The facts underlying his complaint were based on events occurring on two separate dates. On September 23, 2007, Officer Provenza responded to a call at the home of Kelly Roache, to whom a No Contact Order ("NCO") was issued on September 7, 2007. The NCO prevented Johnson from coming within 100 yards of her, her home, or her workplace. According to Officer Provenza's police report, Johnson showed up at Roache's home to collect some of his belongings, they became involved in an altercation, and he grabbed her shirt. He was no longer at the home when Officer Provenza arrived. On the evening of September 23, 2007, Johnson repeatedly called Roache's residence. Officer Provenza stated that she heard twelve voicemail messages from him and observed his telephone number on the caller ID four times. Following this incident, Johnson was charged with aggravated harassment, offensive touching, and two counts of breach of release. He was arraigned on September 27, 2007, at which time the Judge ordered that the NCO would remain in place.

On November 23, 2007, Officer Bingnear responded to a call from Ms. Roache alleging that Johnson was again in violation of the NCO. According to the police report, while incarcerated at the Howard Young Correctional Institution, Johnson sent six letters to Ms. Roache and her daughter, addressing them as "Esq.", presumably to avoid detection by the Howard Young staff. In the letters, Johnson told Roache that he loved

2

her and wanted to live with her upon his release from prison, asked her and her daughter not to testify against him at trial, and offered to give $200 to her and $100 to her daughter. He was charged with one count of bribing a witness, and four counts of noncompliance with the conditions of his bond. Officer Bingnear's report was approved by Sergeant Martinez.

In his complaint, Johnson named the State of Delaware, Officer Bingnear, Sergeant Martinez, Officer Provenza, and the New Castle County Police Department as defendants. He maintained that Officers Bingnear and Provenza knowingly filed false felony charges against him with the purpose of illegally incarcerating him and increasing the bail he would be subject to so he would not be able to get out of jail. He also asserted that the New Castle County Police Department maintained a practice of overcharging people with felonies instead of misdemeanors, with the intent to increase their bail and induce them to plead guilty to the lesser offense.

On December 4, 2009, Appellees moved for summary judgment. Johnson was directed to respond to the motion by January 14, 2010, but did not. On January 29, 2010, he filed a motion for the appointment of counsel, alleging that he had suffered a mental breakdown and had changed addresses and been incarcerated several times. He requested additional time to file a response. In June of 2010, the Court ordered Johnson to show cause why the case should not be dismissed for failure to prosecute. Johnson responded on July 29, 2010, averring that he had not responded to Appellees' summary judgment motion due to his impaired mental state. He did not explain why he was able to respond to the order to show cause, but not the summary judgment motion. On September 30,

3

2010, the Court ordered that Johnson be provided with an additional copy of Appellees' motion, free of charge, and granted Johnson one final extension to respond to Appellees' motion. The Court order stated that the response was due by October 22, 2010, and that no further extensions would be granted. On October 5, 2010, Johnson filed a motion requesting another extension for an unspecified amount of time, but did not indicate why he could not file a response between that time and October 22. The Court denied the motion and, on December 23, 2010, the District Court granted Appellees' motion for summary judgment. After the Court entered summary judgment, Johnson timely filed a motion for reconsideration, which the District Court denied on March 31, 2011. Johnson timely filed a notice of appeal, pro se.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We review the District Court's entry of summary judgment de novo, viewing the underlying facts and all reasonable inferences therefrom in the light most favorable to Appellant, the non-moving party. See Ray v. Twp. of Warren, 626 F.3d 170, 173 (3d Cir. 2010). Summary judgment is appropriate only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." See Fed. R. Civ. P. 56(a). A party asserting that there is a genuine dispute as to a material fact must support that assertion with specific citations to the record. See Fed. R. Civ. P. 56(c)(1).

Johnson's primary claims are that Officers Bingnear and Provenza filed unsupported felony charges against him, thereby subjecting him to false arrest and malicious prosecution. While the District Court construed Johnson's complaint as raising a claim of excessive bail, Johnson disavowed this interpretation in his motion for

4

reconsideration, explaining that he was not arguing that the bail set by the Magistrate Judge was excessive, but rather that the named officers intentionally levied false felony charges against him for the purpose of subjecting him to excessive bail.

First, we note that Johnson failed to meet his burden of responding to a motion for summary judgment. While Johnson claims that he did not receive all of the Court's orders and correspondence, the record clearly reflects that he received some of them, that he was aware of the pendency of Appellees' summary judgment motion, and that he had ample time to respond within the year during which the motion was pending. Under Federal Rule of Civil Procedure 56, a party opposing a motion for summary judgment must cite to specific materials in the record that demonstrate the existence of a disputed issue of material fact. See Fed. R. Civ. P. 56(c)(1)(A). To the extent that Johnson argues that any such dispute exists, he fails to support his position with anything other than his own assertion. While the District Court declined to enter summary judgment against Johnson on these grounds, even if we were to consider Johnson's motion for reconsideration as a proper opposition to Appellees' motion, we conclude that he does not demonstrate a genuine dispute as to any material fact which would render the entry of summary judgment inappropriate.

In order to prove a claim of false arrest, a litigant must show that the police lacked probable cause for the arrest. See Groman v. Twp. of Manalapan, 47 F.3d 628, 634 (3d Cir. 1995). "[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested."

5

Orsatti v. New Jersey, 71 F.3d 480, 483 (3d Cir. 1995). The question of whether probable cause existed is often a question for the jury. See Groman, 47 F.3d at 635. In this case, however, there is no dispute that an NCO was in place, and that Johnson had violated it. While Johnson maintains that he was found not guilty at trial, Appellees' records indicate that Johnson pled guilty to one count of breach of release. Johnson offers no documentary evidence to dispute this. Furthermore, "'[t]he proper inquiry in a section 1983 claim based on false arrest . . . is not whether the person arrested in fact committed the offense but whether the arresting officers had probable cause to believe the person arrested had committed the offense.'" Groman, 47 F.3d at 634 (quoting Dowling v. City of Philadelphia, 855 F.2d 136, 141 (3d Cir. 1988)). The Officers in question undoubtedly had probable cause here.

In order to prevail on a claim of malicious prosecution, a litigant must demonstrate that: "(1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." McKenna v. City of Philadelphia, 582 F.3d 447, 461 (3d Cir. 2009). As the District Court held, because there was probable cause for the arrests, Johnson's claims of malicious prosecution must fail as well.

The District Court entered summary judgment in favor of Sergeant Martinez on the ground that Johnson failed to allege sufficient personal involvement on the part of

Martinez to demonstrate that he personally violated Johnson's constitutional rights. See Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1948. While we agree that Johnson alleged nothing more than that Sergeant Martinez approved Officer Bingnear's police report, we will affirm on the ground that, because there is no merit to the underlying claim, there is no merit to any claim resting on a theory of respondeat superior.

With respect to Johnson's claim that the New Castle County Police Department maintained a practice of overcharging people with felonies with the intent to induce them to plead guilty to misdemeanors, the District Court held that the Police Department is not a separate entity for the purposes of this lawsuit, and that Johnson failed to file suit against the proper party, the County of New Castle. The District Court therefore entered summary judgment in favor of the New Castle County Police Department on this claim. While we agree with the District Court's disposition of this claim, we also note that Johnson failed to support this allegation with anything other than his own assertion. This is plainly insufficient to withstand a motion for summary judgment.

Finally, while Johnson did not allege any facts to support a claim of conspiracy, he did cite 42 U.S.C. §§ 1985 and 1986 in his complaint. We agree with the District Court that there is no support for these causes of action in the record. See Lake v. Arnold, 112 F.3d 682, 685 (3d Cir. 1997) (setting out elements of § 1985 claim); Robison v. Canterbury Vill., Inc., 848 F.2d 424, 431 n.10 (3d Cir. 1988) (holding that a cognizable claim under § 1985 is a prerequisite to a claim under § 1986).

Based on the foregoing, we conclude that this appeal presents no substantial question and, accordingly, will summarily affirm the judgment of the District Court. See

7

3d Cir. LAR 27.4; I.O.P. 10.6.